SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. SANDERS et al.

(Court of Civil Appeals of Texas. Austin. May 31, 1911. Rehearing Denied June 28, 1911.)

1. NEGLIGENCE (§ 139*)—INSTRUCTIONS—DEFINITION—"CAREFUL."

In an action for negligent personal injuries, the use of the word "careful" in the court's charge, wherein he defined negligence to be the failure to use that degree of care which an ordinarily careful and prudent person would exercise, could not have misled the jury; the words "careful" and "prudent" being often used to express the same idea.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 1, p. 973.]

2. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—SPECIFIC INSTRUCTIONS.

In a personal injury action against two defendants, the court's charge that, "you will find for the defendants," if plaintiff was guilty of contributory negligence, was not affirmatively erroneous in failing to use the expression, "or either of them," and, if either defendant desired more specific instruction, it was its duty to request the same.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. CONTRIBUTION (§ 1*)—JOINT TORT-FEASORS—WHEN ENTITLED.

One of two defendants charged with negligence is not entitled to contribution against the other defendant, unless the plaintiff is entitled to recover against the second defendant.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. § 1; Dec. Dig. § 1.*]

4. ELECTRICITY (§ 19*)—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action against an electric light company for its negligence in not properly insulating its wires, evidence held sufficient to support a verdict for defendant.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

5. CONTRIBUTION (§ 5*)—JOINT TORT-FEASORS—WHEN ENTITLED.

A telephone company's wires were strung on the same side of a street as those of an electric light company, but the telephone company's wires were above those of the light company, and were on different poles. The light company allowed the insulation of one of its wires carrying a heavy current, to become worn and defective. Because of that fact and the negligence of the telephone company, a servant of the latter was injured. Held, that under no circumstances could the telephone company obtain contribution from the light company, as the light company's negligence merely created the condition which, with the active negligence

of the telephone company, caused the injury, but that the light company could have contribution against the telephone company.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 6–9; Dec. Dig. § 5.*]

6. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT.

A verdict of a jury is conclusive, where the evidence is such that reasonable minds might differ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3934; Dec. Dig. § 1001.*]

7. APPEAL AND ERROR (§ 994*)—REVIEW—VERDICT—CREDIBILITY OF WITNESS.

The jury being the judge of the credibility of witnesses, the appellate court cannot review a verdict depending upon the credibility of a witness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

Appeal from District Court, Bell County; J. H. Arnold, Judge.

Action by G. L. Sanders and others against the Southwestern Telegraph & Telephone Company and another. From a judgment for plaintiff against the first, but in favor of the last, defendant telegraph company appeals. Affirmed.

Appellee G. L. Sanders brought this suit against the Southwestern Telegraph & Telephone Company and the Cameron Water, Light & Power Company, seeking to recover damages on account of personal injuries sustained by him. The jury returned a verdict for the plaintiff against the Telegraph & Telephone Company for $7,500, and found against the plaintiff upon his demand against the Water & Light Company, and the losing defendant is prosecuting this appeal.

As most of the questions presented for decision relate to the charge of the learned judge, and as that document shows the nature of the case, it is here set out in full, omitting the caption:

"Gentlemen of the jury: In this case the plaintiff, G. L. Sanders, sues the defendant the Southwestern Telegraph & Telephone Company and the Cameron Water, Power & Light Company for damages which he alleges he has sustained on account of the negligence of the defendants. The defendants each, among other things, pleaded general denial, assumed risk, and contributory negligence. For a fuller statement of the pleadings, I refer you to the plaintiff's original petition and the first amended original answer of the defendant telephone company and the first amended original answer of the defendant light company, which you will have with you in your deliberation.

"The questions for your determination and decision are:

"First. Was the plaintiff injured, as alleged in his petition, and, if so, were said injuries directly and proximately caused by the negligence of either one of the defendants,

or by the combined negligent acts of both of the defendants?

"Second. Was the plaintiff himself guilty of contributory negligence, so as, under the rules of law, to defeat a recovery by him?

"Third. Were the injuries to the plaintiff, if any, the result of the risks ordinarily incident to his employment, so as, under the rules of law, to prevent a recovery by him herein?"

"I give you in charge the following as the law applicable to this case:

"(1) Negligence is the failure to use that degree of care to avoid injuring another which an ordinarily careful and prudent person would exercise under the same or similar circumstances.

"(2) Contributory negligence is negligence on the part of the person injured which, concurring or co-operating with some negligence of the defendants, causes or contributes to cause or produce the injury complained of.

"(3) Upon the subject of contributory negligence you are instructed that it is the duty of every person to use ordinary care, as hereinafter defined, to avoid injury to his person, and the failure to use such care upon the part of the person injured will be negligence, which negligence, if it causes or contributes to cause the injuries complained of, will defeat recovery of damages therefor.

"(4) Ordinary care is that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances.

"(5) Assumed risk is the risk ordinarily incident to the employment in which one is engaged, and a servant in the employ of his master assumes the risks arising from defects which are known to him, or which are obvious or discernible by ordinary observation. And in this connection you are instructed that the plaintiff, while in the employ of the defendant telephone company assumed, as a matter of law, all of the risks of injury that were ordinarily incident to the employment in which he was engaged, and if you believe from the evidence that his injuries, if any, grew out of, or were occasioned by, a risk that was ordinarily incident to his employment, then your verdict should be for the defendants. But you are further instructed in this connection that by the use of the expression, 'a risk ordinarily incident to the employment,' is meant a risk of injury that does not arise or grow out of an act of negligence on the part of the defendants; and that when a risk is created by an act of negligence on the part of the defendants, this is not a risk 'ordinarily incident' to the employment.

"(6) You are further instructed that if an accident occurs from two causes, both of which causes are due to the negligence of different persons or corporations, but which two causes together are the efficient cause of the accident or injuries, then all of the persons or corporations whose acts contribute to the accident are liable for an injury resulting from such accident, and the negligence of one furnishes no excuse for the negligence of the other.

"(7) You are instructed that it was the duty of the telephone company to exercise ordinary care to provide a reasonably safe place in which its employés were required to work, and to provide such employés with reasonably safe appliances to do the work exacted of them, and to exercise the same care to keep such places where said employés were required to work in a reasonably safe condition, and to keep said appliances also in a reasonably safe condition, and a servant has a right to assume that such place has been provided, and that such reasonably safe appliances have been furnished wherever and with which he is required to work, unless there are defects and dangers in such places, or in such appliances, which are discernible by ordinary observation, and unless the servant has knowledge of the fact that such place where he is required to work is unsafe, or that such appliance is unsafe.

"(8) You are instructed that if you find and believe from the evidence that the plaintiff was in the employ of the defendant telephone company and that it was part of his duty to go upon the telephone poles and handle and use the rope mentioned in the pleadings in this case, in the manner alleged in taking down said wires, and you further believe that said rope became entangled with an awning in front of a building adjoining to where he was required to work, and that it was a part of his duty to disentangle said rope, and that he went upon said awning in the course of his employment for the purpose of disentangling said rope, and that said rope had been permitted by said defendant telephone company to become wet, and that in such condition it would transmit a current of electricity, and that without any fault or negligence on the part of the plaintiff the said rope did come in contact with one of the exposed wires of the defendant light company, and that by reason thereof a current of electricity was caused to pass through said rope into his body, and caused him to fall from said awning, and that he was injured thereby, then you are instructed if you believe from the evidence that both of said defendants were guilty of negligence in the respect as herein submitted to you, and that both of their said negligent acts co-operated or combined to cause the injuries to the plaintiff, and that he was injured as alleged by him, then you are instructed, if you so believe and find, the plaintiff would be entitled to recover against both of said defendants, and you will in that event find a verdict in his favor against both of them.

"But, on the other hand, if you believe that the plaintiff was injured, but that his injuries were the direct and proximate result of the negligent acts of only one of said defendants, then you are instructed that he

would be entitled to recover a judgment against only the said defendant whose negligent acts cause his said injuries, and in that event the other defendant will be entitled to go free."

"(10) If the jury find and believe from the evidence that the plaintiff, either in going upon said awning or in falling off the same at the time he did, if you believe he did fall from the same, or in the manner in which he used said rope, while upon said awning, or in anything he did, or omitted to do, failed to use that degree of care which an ordinarily careful and prudent person would have exercised under the circumstances of the situation, and you further find from the evidence that the failure to use such care caused or contributed to cause the plaintiff to fall from said awning, and thereby became injured, if you believe he was injured, then if you so find and believe, the plaintiff cannot recover, and you will find for the defendants, notwithstanding you may also find that both of the defendants were also guilty of negligence which directly and proximately contributed to cause the injuries to the plaintiff, if any. In such case, the plaintiff would be guilty of contributory negligence, such as will under the law defeat a recovery by him.

"But, on the other hand, if you believe from the evidence that the plaintiff was not guilty of contributory negligence, as hereinbefore defined, and that he was injured, as alleged, and that his said injuries were not caused by, and did not result from the risks ordinarily incident to his employment, as hereinbefore defined, and you further find that the defendant telephone company failed to exercise ordinary care, as hereinbefore defined, to furnish the plaintiff with reasonably safe appliances with which he was required to work, if he was so required, or that the defendants, or either of them, failed to exercise ordinary care to discover the exposed condition of the said electric light wire, if you believe it was exposed, and that thereby it became dangerous, and likely to divert a current of electricity, and that said current was diverted from said wire to said rope, and into or through the person of the plaintiff, and that the defendant telephone company did furnish said wet rope to the plaintiff, if it was so furnished, and that said rope was likely to and did transmit said current of electricity into the plaintiff, and that the doing and the failure on the part of the said defendants, or either of them, to do or perform the things herein mentioned, if they did so do and did fail to so do and perform them, and that such doing and failure on their part, or on the part of either of them, constituted negligence, and that such negligence was the direct and proximate cause of the injury to the plaintiff, if any, you should find a verdict for the plaintiff.

"(11) If you believe from the evidence in this case that on the day of and prior to his injury, if he was injured, plaintiff was furnished by his employer with a dry rope with which to do the work he was to perform, and that said rope while dry was a reasonably safe appliance with which to perform the work he was prosecuting, but that through the plaintiff's conduct he caused or permitted said rope to become wet while he was using it, and thereby became a conductor of electricity, and by reason of which condition the rope became an unsafe and dangerous appliance for plaintiff to use in doing his work, or that the plaintiff caused or permitted the rope he was using to come in contact with the electric light wires in question in this case, and that at the time he did so, if he did so, that he had knowledge of the danger of the rope's coming in contact with the said wires, or had previously been warned by his foreman to keep the rope he was handling clear of contact with the electric wires in question, and that plaintiff's conduct in causing or permitting the rope to become wet, if he did so, or in causing or permitting it to come in contact with the electric light wires in question, if he did so, he failed to use ordinary care for his own safety, and was thereby guilty of negligence which caused or contributed to his injuries, if any, then, in the event you find plaintiff was negligent in either of the respects mentioned, he would be precluded from recovering damages, and your verdict will be for both defendants. By the term 'proximate cause,' as used in this charge, is meant a direct cause, without which the injuries would not have occurred.

"In determining as to whether or not said defendants, or either of them, was guilty of negligence in reference to the condition of said electric light wire, or in failing to exercise ordinary care to discover the exposed and dangerous condition of the same, if you believe from the evidence that said wire was exposed and dangerous, or in doing or omitting to do any of the things alleged in plaintiff's petition and herein submitted to you, to have caused said injuries to the plaintiff, if any, or whether or not the plaintiff was himself guilty of negligence in being upon said awning or in using said wet rope, if it was wet, and if he did so use it at the time, place, and manner in which he did use it, or in his conduct while upon said awning, you should consider all the facts and circumstances in evidence which tend to throw light upon these questions.

"If under the foregoing instructions you shall find for the plaintiff, he will be entitled to recover such damages, if any, as he may have sustained, as a direct and proximate result of the negligence of the defendants, or either of them. And, in determining the amount of your verdict for damages, you will take into consideration the nature and extent of the injuries to plaintiff, so received, and the physical pain resulting therefrom, if any, and you will also consider any loss of time, or diminished capacity to earn money at his chosen trade or calling, if any,

which he may have sustained, as the direct and proximate result of said injuries, and you will assess such damages for plaintiff as will be, based upon the evidence, a just, fair, and reasonable compensation for said injuries and pecuniary loss and damages he has sustained, if any.

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence all the facts necessary to entitle him to recover. If you find for the plaintiff against both of the defendants, the form of your verdict may be as follows: We, the jury, find for the plaintiff against both of the defendants and assess his damages at $———— (naming the amount). If you find for the plaintiff, but against only one of the defendants, the form of your verdict may be as follows: We, the jury, find for the plaintiff against the defendant ————•— (naming it) and assess his damages at $———— (naming the amount), and we also find for the other defendant ———— (naming it). If you find for both of the defendants, you will say, 'We, the jury, find for the defendants.'

"You are the exclusive judges of the credibility of the witnesses, of the weight to be given to testimony and the facts proven, but you are bound to receive the law from the court as herein given you, and be governed thereby. J. H. Arnold, Judge Presiding."

A. P. Wozencraft and Scott, Sanford & Ross, for appellant. W. A. Morrison, for appellees.

KEY, C. J. (after stating the facts as above). [1] In appellant's brief many objections are urged to the court's charge; among others being the contention that the definition of negligence is erroneous because of the use of the words "careful and prudent person"; the contention being that the word "careful" should have been omitted. The words "careful" and "prudent" are often used to express the same thought, and we think they were so used in the court's charge, and that the jury was not misled thereby.

[2] The court's definition of contributory negligence is also criticised; the contention being that after the word "defendants" the court should have added, "or either of them." We hold that the charge as framed was not affirmatively erroneous; and, if appellant desired more particularity therein, it should have prepared and requested a special charge supplying the alleged omission.

Many other objections are urged to the court's charge and to the refusal of requested instructions relating to appellee's right to recover against appellant. We have neither the time nor inclination to discuss them all in detail, and deem it sufficient to say that, after careful consideration, we rule against appellant, and hold that the assignments presenting those questions are not well taken and show no ground for reversal.

[3] It is also urged in appellant's brief, and in oral argument of appellant's counsel, that error was committed in rejecting a requested instruction submitting to the jury the question of appellant's right to recover over against its codefendant, the Water & Light Company. In response to that contention, counsel for the Water & Light Company have pointed out some apparently tenable objections to the form of appellant's requested instruction upon that subject. However, we have not deemed it necessary to give much attention to the form of the refused instruction. In the first place, in no event could appellant recover over against the Water & Light Company, if the plaintiff was not entitled to recover against that company. In other words, unless the Water & Light Company was guilty of negligence, as alleged, it was not liable to either the plaintiff or its codefendant, and the verdict of the jury in favor of the Water & Light Company, as against the plaintiff's demand, involves a finding that that company was not guilty of negligence. That finding, if supported by testimony, eliminates appellant's alleged right to recover over against its codefendant, and renders immaterial the fact that the alleged right to such recovery was not submitted to the jury.

[4] In the next place, this case does not come within the exception to the general rule, which denies to joint tort-feasors any right of recovery against each other. The proof shows that on the occasion in question the plaintiff, as an employé of the Telegraph & Telephone Company, was engaged, with other employés, in removing a dead wire stretched overhead upon poles. Upon the same side of the street and in line with appellant's telephone poles and wires, the Water & Light Company had its poles and wires. The poles of the one company were located between the poles of the other, and the wires of the Water & Light Company were located more than 20 feet above the sidewalk, and the telephone wires were more than 10 feet above the light wires. It had rained during the night previous to the plaintiff's injury, and there is testimony tending to show that it was drizzling rain and damp at or about the time the plaintiff and his associates went to work. Under the directions of a foreman, whose position constituted him appellant's vice principal, the plaintiff and two other employés were furnished a rope and directed to take down the dead wire in question. That work was to be performed in part in the following manner: One man would ascend a telephone pole, fasten the rope to the end of the wire, and another man would ascend the next telephone pole and pull the wire to that pole; the wire being held up by the man on the other pole and by the use of the rope attached to the end of the wire. When the end of the wire reached the man on the other pole, the man holding the rope would drop it, and a man would ascend another pole, and it would be passed on. Soon after the crew started to work on the occasion in question, it became necessary for the plaintiff, in pur-

suance of his work, to drop the rope, in order that it might be taken up by the man on the next post. When the rope was dropped, it seems to have become entangled with an awning and an electric light wire, so that it could not be pulled on through. The plaintiff testified, and we find as a fact, that it was a part of his duty to relieve the rope from that entanglement, and, in performance of that duty, he ascended a pole belonging to the Water & Light Company and upon which the light wires were strung, and stepped off on a metal awning attached to a building, and caught the rope in one hand, whereupon he received an electric shock, which caused him to fall from the awning and sustain the injuries complained of.

The proof shows that the portion of the rope which was in contact with the electric light wire, and which plaintiff took hold of, was wet, which condition was caused by the rope having been dragged on the wet ground by the plaintiff and his fellow servants in the performance of the work referred to. It was also alleged and proved that at the place where the rope was in contact with the electric light wire the insulation upon that wire had become worn and defective, and it was charged by the plaintiff and appellant that the other defendant was guilty of negligence in permitting the wire to be in that condition. At that time the wire in question was charged with and carrying about 2,200 volts of electricity. The proof shows that an arrangement existed between the two defendants by which, if appellant had requested it, the Water & Light Company would have cut off and removed the current of electricity in its wires, while appellant's employés were engaged in taking down and removing the dead wire from appellant's poles. And the plaintiff charged in his petition that appellant was guilty of negligence in not requesting the Water & Light Company to cut off the electric current from its wires, before the plaintiff and his associates started work that morning, and the proof sustains that charge of negligence.

We also hold that the proof sustains the finding of the jury that the Water & Light Company was not guilty of negligence as to the plaintiff in permitting the insulation upon its wire to become defective. The wire in question was located so far above the ground as to render it improbable that any one, other than the Water & Light Company's employés, would come in contact with it at the place of such defective insulation; and if it preferred to allow it to remain in that condition, and to cut off the current of electricity while its own employés were working near that place, we think the jury had the right to hold that in so doing the Water & Light Company was not guilty of negligence as to the plaintiff and other employés of appellant. The defective insulation referred to was near one of the poles belonging to the Water & Light Company, but was not near a pole belonging to appellant; and we cannot hold as matter of law that the Water & Light Company was required to anticipate that it would become necessary for an employé of appellant to ascend the post belonging to the Water & Light Company and work in a position near the defective insulation upon the electric light wire; and for this reason we hold that the verdict of the jury acquitting the Water & Light Company of negligence is sustained by the testimony.

[5] But if the jury had found otherwise, and had returned a verdict for the plaintiff against both defendants, appellant would not have been entitled to recover over against the other defendant. There is a class of cases constituting an exception to the general rule, denying recovery by one joint tort-feasor against another, and that rule is well stated by Mr. Justice Jenkins, in Austin Electric Railway Co. v. Faust, 133 S. W. 449, as follows: "Where one party has by his negligence brought about a condition, and another party is guilty of negligence in not recognizing and acting upon such condition, and a third party, without negligence is injured by reason of the joint negligence of the two parties, he may recover against both, and as between the injured innocent party and the joint wrongdoer there will be no inquiry as to the comparative negligence of the two, and no apportionment of damages based on such comparison. In such case the negligence of both of the parties is the proximate cause of the injury to the innocent party. If the negligence of one was merely passive or was such as only to produce the occasion, and the other negligent party was the active perpetrator of the wrong, the former may recover against the latter. As between the two negligent parties, the negligence of the active perpetrator of the wrong would be the proximate cause of the injury to the party whose negligence did no more than produce the condition."

According to the test stated, if the Water & Light Company had been cast in the suit, it may be that it could have recovered over against appellant; but no such right would have existed in behalf of the appellant against the Water & Light Company. That company, in permitting the insulation upon its wire to become and remain defective merely furnished the occasion; but appellant was guilty of more direct and affirmative negligence in failing to take any steps to have the current of electricity removed from the electric wires before assigning the plaintiff to the work, and in so assigning him with the knowledge of the fact that the electric wires were heavily charged with electricity, and that a wet rope was a conductor of an electric current. The proof shows that immediately after the accident appellant's foreman procured the removal of the current from the electric light wires; and if he had exercised the same amount of care before the accident the plaintiff would not have been injured, and appellant would not

have been called upon to respond in damages.

[6] Counsel for appellant have cited cases which tend to hold that, if the jury had found in favor of the plaintiff against the Water & Light Company, such finding would not have been set aside, and we have not held differently in this case. The question of that defendant's liability was a question of fact to be determined by the jury and we merely hold that the verdict in favor of that defendant upon the question of negligence vel non is not so contrary to the testimony as to justify this court in saying that it should be set aside and disregarded. The rule is that, when the minds of reasonable men might differ as to whether or not particular acts or omissions constitute negligence, the verdict of a jury deciding the question either way is conclusive.

[7] Appellant contends that the plaintiff ought not to recover, because, so it is alleged, he was guilty of contributory negligence, first, in getting the rope wet, and, second, in catching hold of it after it got hung, when he knew it was wet, and knew, or ought to have known, that it was connected with an electric light wire, highly charged with electricity, and knew, or ought to have known, of the defective insulation of that wire, and the fact that taking hold of the rope under the circumstances was dangerous. The plaintiff testified that he did not know that the electric light wire was at that time carrying a current of electricity; that he did not know that water or a wet rope was a conductor of electricity, and also stated that he did not know that the rope was in contact with the electric wire, nor of the defective insulation. His credibility was a matter for the jury to determine, and if they believed his testimony, as it seems they did, we cannot say that the verdict acquitting him of negligence is not supported by testimony.

In view of the facts already adverted to, and some other testimony contained in the statement of facts and in support of the verdict, we find (1) that the defendant the Water & Light Company was not guilty of negligence; (2) that the defendant Telegraph & Telephone Company was guilty of negligence as charged in plaintiff's petition; (3) that the plaintiff was not guilty of contributory negligence; (4) that his injuries were not the result of an assumed risk; (5) that as a direct and proximate result of the negligence of the Telegraph & Telephone Company the plaintiff was injured, as alleged; and (6) that the amount of damages awarded him is not excessive.

In view of these findings, and what has already been said in reference to the law of the case, our conclusion is that the judgment ought to be affirmed, and it is so ordered.

In disposing of this case this court desires to publicly express its appreciation and approval of the manner in which the statement of facts has been prepared, and especially the index and marginal notes. In some cases submitted in this court, the statement of facts contains no index or other means by which to aid in finding the testimony of any particular witness, when a proper index would shorten the labor of the court very much in that respect. In this case the index shows where the direct and cross examination, and redirect and recross examination of each witness begins and ends; and on the margin of each page is noted the name of the witness, and whether the testimony is given upon direct or cross examination, and with these aids we have had no trouble in turning directly to the testimony of any particular witness. The statement of facts is typewritten, and a note at the end states that it was transcribed from shorthand by ·A. L. Monteith; and we desire to commend Mr. Monteith's work in that regard, and express the hope that all others charged with the duty of preparing statements of facts will see that they contain proper indexes and marginal notes.

Judgment affirmed.