**EASTERN TEXAS ELECTRIC CO. et al. v. JOINER.**

No. 1951.

Court of Civil Appeals of Texas. Beaumont.

April 28, 1930.

Rehearing Denied May 7, 1930.

Hunt & Hunt and H. G. Butts, all of Houston, and Orgain & Carroll and Crook, Lefler, Cunningham & Murphy, all of Beaumont, for appellants.

Howell & Howell, of Beaumont, for appellee.

WALKER, J.

On the 8th day of September, 1928, while a passenger on one of the street cars of appellant Eastern Texas Electric Company, appellee was seriously injured in a collision between the street car and a truck owned and operated by appellant Union City Transfer Company, a partnership composed of C. E. and H. E. Vallee. The collision occurred at the intersection of Neches and Royal streets in the city of Beaumont. The street car was traveling down Royal street and had entered the intersection of that street with Neches street when it was struck by the truck. As a result of the collision the street car was derailed, and appellee suffered serious injuries in the respects plead by him. His suit was against appellants as joint tort-feasors. Judgment in his favor was against appellants jointly and severally for $5,000 upon the verdict of the jury convicting them of negligence proximately causing his injuries. Each of the appellants plead over against the other that its negligence, if any, was only passive, while that of its codefendant was active, whereby it was entitled to judgment of indemnity over against its codefendant. On the verdict of the jury each defendant moved for judgment against his codefendant. The motion of Union City Transfer Company was granted giving it indemnity against defendant Eastern Texas Electric Company. Both defendants duly perfected an appeal, but only defendant Eastern Texas Electric Company briefed its assignments of error against the judgment of the lower court. Union City Transfer Company has filed a brief, but the only proposition advanced is that the court did not err in rendering judgment in its favor against its codefendant. While its original assignments of error are brought forward in its brief, that is, attached to the back of its brief after the closing of its argument, these assignments are in no way made a part of the brief, in that no propositions of error are urged under them; also it should be said that this appellant in no way adopts the brief of its coappellant and asks for no relief whatever under the brief of its coappellant. The point we are stressing is that this appellant, Union City Transfer Company, makes no contention whatever of any kind or in any manner against the judgment of the lower court. Without assignments of error properly briefed we are without jurisdiction to review the judgment of the lower court in so far as appellee was awarded damages against appellant Union City Transfer Company; therefore, in this respect, the judgment of the lower court is affirmed.

The judgment against the appellant Eastern Texas Electric Company must be reversed on the following errors: First, this appellant pleaded affirmatively that it was not

guilty of negligence; that the negligence, if any, was that of its codefendant, and that the negligence of its codefendant was the sole proximate cause of appellee's injuries. These issues were raised by the evidence; that is to say, this appellant offered evidence raising the issue that the operator of its street car was not guilty of negligence; that the accident was caused by the negligence of the Union City Transfer Company; and that its negligence was the sole proximate cause of the accident. These facts raise the issue of sole proximate cause, as pleaded by appellant Eastern Texas Electric Company, and the refusal, on its request, to submit this affirmative defense, constituted reversible error. Montrief v. Bragg (Tex. Com. App.) 2 S.W. (2d) 276. Second, special issue No. 23 was as follows: "What sum of money, if paid now in a lump, would fairly and reasonably compensate the plaintiffs, R. F. Joiner, for the injuries received by him, if any, to his back, spine, pelvis, sacro illiac joint, and resulting neuritis? Answer by stating the amount in dollars and cents." This charge was on the weight of the evidence, in that it assumed that appellee suffered neuritis as a result of the injuries to his back, spine, pelvis, etc., which issue was strongly controverted.

■ Appellant Eastern Texas Electric Company has duly assigned error against the decree of the court giving its coappellant judgment of indemnity against it. Under the verdict of the jury, supported and illustrated by the undisputed facts, the Union City Transfer Company was the active perpetrator of the wrong. The truck was being operated at a dangerous rate of speed, which was negligence and the proximate cause of appellee's injuries; and while the truck was thus being operated it was negligently caused to run into the street car. The negligence of the Eastern Texas Electric Company was only passive. The operator of the street car was guilty of negligence in *failing* to sound the bell before entering the street intersection and in *stopping* the street car in the street intersection and in *failing* to keep a lookout for vehicles in approaching the street intersection and *in failing to stop* the street car immediately before entering the intersection. These acts of negligence were merely passive; that is, they produced the occasion which resulted in the collision. The collision, as already stated, was the result of the act of negligence of the Union City Transfer Company in ramming the street car with its truck. The correct rule of law determining the question of liability as between these appellants was thus stated by the court in Austin Electric R. Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449, 450, quoting thirteenth syllabus: "Where one person has by his negligence brought about a condition, and another person is guilty of negligence in not recognizing

and acting upon such condition, and a third person, without negligence, is injured by reason of the negligence of the two persons, if the negligence of one was merely passive, or such as only to produce the occasion, and the other negligent person was the active perpetrator of the wrong, the former may recover over against the latter, since, as between them, the negligence of the active perpetrator of the wrong would be the proximate cause of the injury to the person whose negligence did no more than produce the condition."

Under this authority Eastern Texas Electric Company should have had judgment of indemnity over against Union City Transfer Company.

To the extent that Union City Transfer Company was granted indemnity against Eastern Texas Electric Company, the judgment of the trial court is reversed, as is also the judgment in favor of appellee against Eastern Texas Electric Company as a joint tort-feasor, but in all other respects the judgment is affirmed.

Affirmed as to Union City Transfer Company; reversed and remanded as to Eastern Texas Electric Company.