**VALEE et al. v. JOINER et al.**

**No. 1511—5809.**

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Hunt & Hunt and H. G. Butts, all of Houston, for plaintiffs in error.

Orgain & Carroll, Howell & Howell, and Major T. Bell, all of Beaumont, for defendants in error.

CRITZ, J.

We adopt the following statement of the nature and result of this case made by the Court of Civil. Appeals [27 S.W.(2d) 917]: "On the 8th day of September, 1928, while a passenger on one of the street cars of appellant Eastern Texas Electric Company, appellee was seriously injured in a collision between the street car and a truck owned and operated by appellant Union City Transfer Company, a partnership composed of C. E. and H. E. Vallee. The collision occurred at the intersection of Neches and Royal streets in the city of Beaumont. The street car was traveling down Royal street and had entered the intersection of that street with Neches street when it was struck by the truck. As a result of the collision the street car was derailed, and appellee suffered serious injuries in the respects plead by him. His suit was against appellants as joint tort-feasors. Judgment in his favor was against appellants jointly and severally for $5,000 upon the verdict of the jury convicting them of negligence proximately causing his injuries. Each

of the appellants plead over against the other that its negligence, if any, was only passive, while that of its codefendant was active, whereby it was entitled to judgment of indemnity over against its codefendant. On the verdict of the jury each defendant moved for judgment against his codefendant. The motion of Union City Transfer Company was granted giving it indemnity against defendant Eastern Texas Electric Company. Both defendants duly perfected an appeal, but only defendant Eastern Texas Electric Company briefed its assignments of error against the judgment of the lower court. Union City Transfer Company has filed a brief but the only proposition advanced is that the court did not err in rendering judgment in its favor against its codefendant. While its original assignments of error are brought forward in its brief, that is, attached to the back of its brief after the closing of its argument, these assignments are in no way made a part of the brief, in that no propositions of error are urged under them; also it should be said that this appellant in no way adopts the brief of its coappellant and asks for no relief whatever under the brief of its coappellant."

In the above condition of the record, the Court of Civil Appeals affirmed Joiner's judgment against the transfer company, but reversed Joiner's judgment against the electric company, and also reversed the transfer company's judgment of indemnity against the electric company. 27 S.W.(2d) 917. The transfer company brings error.

The Court of Civil Appeals holds that on account of the failure of the transfer company, which is a copartnership composed of Cecil E. and Henry E. Vallee, to brief its assignments of error relative to Joiner's judgment against it, the appellate court was without power to review that part of the judgment, and for that reason alone affirmed Joiner's judgment against the transfer company. We think the Court of Civil Appeals was in error in such holding.

As above shown, Joiner sued both companies as joint tort-feasors. Each of them defended the original action, and then pleaded over against its codefendant on the issue of active and passive negligence. The jury found both of the companies guilty of negligence, and that the negligence of both companies contributed to Joiner's injury. Each company moved for judgment over against its codefendant on the verdict of the jury. The trial court determined that the verdict as between the two companies was for the transfer company on the issue of active and passive negligence and awarded the transfer company a judgment over against the electric company. Both companies appealed and assigned error. The transfer company filed supersedeas bond, payable to Joiner, and also to the transfer company, and by its assignments of error, bond, and brief brought the entire case

before the Court of Civil Appeals for review. The error of law on which the Court of Civil Appeals reversed Joiner's judgment against the electric company applied to the transfer company with the same force that it applied to the electric company, and the reversal of Joiner's judgment against the electric company would necessarily have resulted in a reversal of the transfer company's judgment over against the electric company, and that regardless of any other issue in the case. In view of such a record, we hold that the Court of Civil Appeals had jurisdiction over the entire case, and when it reversed the judgment against the electric company it should have reversed the entire judgment as to all parties. 3 Texas Jurisprudence, p. 1156, par. 814, et seq., and authorities there cited; Reeves v. McCracken, 103 Tex. 416, 128 S. W. 895.

Since the entire case must be reversed and the cause remanded to the district court for a new trial, we deem it proper to express our views on the question of active and passive negligence as between the two companies.

The jury found that the transfer company's truck was being operated on a public street at a rapid rate of speed, that such was negligence, and that such negligence was a proximate cause of Joiner's injuries. This was a finding of active and not passive negligence on the part of the transfer company. It is not passive negligence to negligently operate a truck at a high and dangerous rate of speed on a public street in a city.

The jury found that the operator of the street car failed to sound the bell before entering the street intersection where the collision occurred; that he stopped the street car in the intersection of two streets; that he failed to keep a lookout for vehicles approaching the street intersection; and that he failed to stop the street car immediately before entering the street intersection. The jury also found all of the above acts negligence on the part of the street car operator, and that all of such acts of negligence were approximate causes of Joiner's injuries. We think that it cannot be an act of passive negligence for a street car operator to negligently propel a street car across a street at an intersection without sounding a warning, or to negligently stop a street car in a street intersection, or to negligently propel a street car into or across a public street without keeping a proper lookout for vehicles approaching such street intersection. All such acts were active and not passive.

We find no fault with the definition of active and passive negligence in Austin Electric Company v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449, but we think that the verdict of the jury in this case amounts to a finding of active negligence on the part of both companies.

We agree with the opinion of the Court of

Civil Appeals on the other matters therein discussed.

We recommend that the judgments of the district court and the Court of Civil Appeals be both set aside and reversed, and the entire cause remanded to the district court for a new trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed as to the entire cause, and the case remanded for new trial to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.