**CARSON v. KNIGHT et al.    (No. 358.)**

(Court of Civil Appeals of Texas. Waco.
April 29, 1926. Rehearing Denied
May 27, 1926.)

1. Animals ⬥66½—One who pursues escaping calf is under duty not to employ means calculated to cause further alarm, making animal dangerous to others.

It was duty of employés, in attempting to prevent escape of calf, which fell from platform between employer's truck and chute at stockyards, not to employ means reasonably calculated to further alarm or infuriate it, so as to make it dangerous to persons on streets.

2. Animals ⬥74(8)—Negligence in "bulldogging" calf to prevent escape held for jury.

Whether person exercising ordinary care for safety of public would have "bulldogged" calf in attempt to prevent its escape at time and under circumstances disclosed by entire evidence *held* for jury, in action for injuries to one knocked down by it when it ran away as result of its alarm and infuriation.

3. Animals ⬥74(5)—Finding of negligence in "bulldogging" calf to prevent escape held supported by evidence.

In action for injuries to one knocked down by calf escaping from defendant's employés, jury's finding that employés were negligent in attempting to prevent calf's escape by "bulldogging" *held* supported by evidence.

4. Animals ⬥66½—When frightening escaping calf constitutes sole proximate cause of injuries by animal stated.

Action of people in further frightening escaping calf, to constitute sole proximate cause of injuries to one knocked down by it, must have entirely superseded original actions of persons attempting to prevent its escape by "bulldogging" and pursuing it, and, if both agencies concurrently contributed to cause injuries, such original actions remained the efficient cause.

5. Animals ⬥74(8)—Whether "bulldogging" to prevent escape of calf was cause of injuries by animal held for jury.

Whether acts of defendant's employés in "bulldogging" calf in attempt to prevent its escape were efficient and moving causes of injuries to one subsequently knocked down by calf, and such or similar injuries to persons on streets should reasonably have been anticipated or foreseen as result of such acts, *held* for jury.

6. Appeal and error ⬥880(2)—Indemnity ⬥13(2)—Defendant, whose employés were actively negligent in using defective gate to stockyards of codefendant packing company, whose negligence in furnishing defective gate was merely passive, was not entitled to judgment against codefendant, and could not complain of directed verdict for codefendant.

Negligence of defendant's employés in using defective gate to codefendant's stockyards, with knowledge of its condition at time of attempt to unload calf from defendant's truck and in "bulldogging" calf in attempt to prevent its es-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cape after it fell from platform between truck and stockyard's chute, being active, while that of codefendant in furnishing defective gate was passive, defendant was not entitled to judgment against codefendant, and could not complain of instructed verdict for latter.

**7. Damages ⬤══132(7)—$3,500 for broken arm, dislocated hip, etc., held not excessive.**

$3,500 for broken arm, dislocated hip, painful bruises, intense suffering, confinement to bed in hospital for week, and to house for some time, impaired flexibility and motion of arm, which was still painful when required to support considerable weight, over two years after injury, and direct pecuniary loss of about $750, *held* not excessive.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by S. J. Knight against Walter J. Carson and another. From a judgment for plaintiff against the named defendant, the latter appeals. Affirmed.

McCart, Curtis & McCart, of Fort Worth, for appellant.

Capps, Canty, Hanger & Short and Marvin H. Brown, all of Fort Worth, for appellees.

GALLAGHER, C. J. This suit was instituted by S. J. Knight, one of the appellees herein, against Walter J. Carson, appellant herein, and the Fort Worth Packing Company, one of the appellees herein, to recover damages for personal injuries. Appellant was engaged in the transfer business, and, as such, delivered a truckload of calves to the packing company. Said calves were delivered from the truck to a chute at the stockyards of said company. The company provided gates fastened at one end to the chute with hinges at the top and the bottom. Said gates were intended to' be tied at the other end to the sides of the truck, thus in effect extending the sides of the chute to the truck and permitting said calves to walk from the truck over a platform between said gates into the chute proper, and from there into the yards of the company. The company permitted the lower hinge on one of said gates to be and remain broken, which condition was known both to appellant and said company. At the time in question a large calf a year or over old, and weighing about 350 pounds, in the crowding of said calves in passing between said gates was, by reason of said broken hinge and the giving way of the lower corner of said gate resulting therefrom, caused to fall from said platform ·to the ground. As soon as said calf reached the ground, one of appellant's employés seized it by the head or neck, and attempted to hold it or throw it to the ground, which process he described in his testimony as "bulldogging." Either on ac-

count of lack of strength or lack of skill on the part of said employé, said calf escaped and ran madly up the street. Another employé pursued it on foot. It ran up a street occupied by railroad tracks. Cars were standing on each track, with a space about four feet wide between them. Appellee Knight was stooped over inspecting the running gear of a car, and just as he raised up, or immediately thereafter, said calf ran against him, knocked him down, and inflicted the injuries complained of. There was evidence tending to show that said calf was an ordinary well-conditioned calf, and also that it was wild and scary; that it became infuriated when appellant's employé attempted to "bulldog" it; and that such treatment was calculated to produce that effect. There was also testimony tending to show that such a calf when so ·infuriated would attack a person, and that this particular calf was wild and mad when it was recaptured about a mile from the scene of the accident, and that it still exhibited evidence of such condition the next morning. Appellant's employé testified that in pursuing said calf he was some distance behind, and that he did not hallo at· it, but that other people along the route taken by it before the accident did do so, and further frightened it.

There was a trial by jury. Appellee abandoned any claim for damages against the packing company, and the court instructed the jury to return a verdict in its favor. On the issues of negligence and proximate cause the jury found, in substance: (a) That the action of ·appellant's employé in seizing and handling said animal immediately after it escaped was negligence; and (b) that such negligence was the proximate cause of appellee's injuries; (c) that the action of appellant's employé in pursuing said animal was negligence; and (d) that such negligence was the proximate cause of appellee's injuries; (e) that there was no intervening cause or causes independent of the acts of appellant's employés in the premises causing or contributing to cause appellee's said injuries. No other or further submission of said issues was requested by either party. The court rendered judgment in favor of appellee, and· appellant presents said judgment for review.

### Opinion.

[1-3] The first contention on which appellant bases his claim for reversal is that the evidence fails to show any actionable negligence. He insists that the acts of his employés in seizing said calf and attempting to hold and restrain it and prevent its escape into the street and in pursuing it after it did escape were not negligence but were the reasonable and proper things to do. We may concede that as between said employés and

appellant it was their duty to prevent the escape of said calf and to place it in the yards of the company. It was, however, their further duty in attempting to do so not to employ means reasonably calculated to further alarm or infuriate said calf so as to make it dangerous to members of the public using or occupying the streets. There was evidence tending to show that the means used were calculated both to greatly alarm and to infuriate said calf and make it likely to attack a person in its way, and that the whole matter occurred on a public street. It was the peculiar province of the jury to determine from the evidence as a whole whether a person exercising ordinary care for the safety of the public would have employed such means at the time and under the circumstances disclosed thereby. They found appellant's employés were negligent, and we cannot say that their findings are without support in the evidence.

[4] Appellant further insists that, inasmuch as there was evidence tending to show that people along the way halloed at said calf as it ran, and that the point where appellee was injured was some 600 yards or more from the place where the calf first escaped, and probably on another street, the acts of his employés were not the efficient moving causes of the accident to appellee and the resulting injuries suffered by him, and that such accident and injuries could not have been reasonably anticipated or foreseen. The court in charging the jury defined proximate cause as the efficient and moving cause, without which the injury would not have happened, and further charged the jury that, in order for an act to be the proximate cause of an injury, such injury must be the natural and probable consequence of such act, and such as ought to have been foreseen in the light of attending circumstances. There was no objection to said charge, and no further charge on the subject was requested. The fact that people along the route taken by said calf halloed at it and further frightened it did not necessarily constitute such action an efficient intervening cause so as to make the same the sole proximate cause of appellee's injuries. Before such action on the part of other people could be held to constitute the sole proximate cause of appellee's injuries, it was necessary to show that such action entirely superseded the original action of appellant's employés in seizing and attempting to "bulldog" said calf and in pursuing it as it ran from the place where it escaped, and became in itself responsible for such injuries. If both such agencies contributed to cause such injuries as concurrent forces, the action of appellant's employés remained an efficient cause thereof. Shippers' Compress & Warehouse Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, 1033 (writ refused); Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080, 1083.

[5] Whether the acts of appellant's employés were efficient and moving causes of appellee's injuries, and whether such or similar injuries to some person on said streets ought reasonably to have been anticipated or foreseen as the result thereof, were matters for the determination of the jury from the evidence before them. They not only found such to be the case, but they also found that there was no intervening cause or causes independent of the acts of appellant's employés which caused or even contributed to such injuries. Lancaster v. Fitch, 112 Tex. 293, 299–301, 246 S. W. 1015, and authorities there cited. The contention so urged by appellant is overruled.

[6] Appellee alleged in his petition that the packing company was negligent in permitting said gate to remain out of repair by reason of said broken hinge, and that appellant was negligent in using said gate knowing its condition at the time, and that such respective acts of negligence were proximate causes of his injuries. He dismissed his suit against the packing company before verdict. Appellant denied any negligence either on the part of himself or on the part of the packing company, but further alleged, if there was any negligence which proximately contributed to injury to appellee, that the same was the negligence of the packing company, and not his negligence, and prayed, in event of a recovery by appellee against him, that he have a like recovery against the packing company. The court, over the objection of appellant, instructed a verdict for the packing company. Appellant insists that the court erred in giving such charge. This insistence is based on the theory that the broken hinge was the original or primary cause of the whole trouble. It is true that the train of events which ultimately resulted in inflicting the injuries suffered by appellee originated in said broken hinge. The negligence, if any, of the packing company in furnishing for use in unloading cattle a gate with a broken hinge was merely passive. It merely furnished a condition which, combined with the acts of appellant's employés in attempting to use said gate knowing the defect, resulted in the escape of the calf. The negligence, if any, of appellant's employés throughout was active as distinguished from the passive negligence of the packing company. Such being the case, appellant was not entitled under the evidence before the court to a judgment against the packing company, and has no ground for complaint of the giving of said charge. City of San Antonio v. Smith, 94 Tex. 266, 271, 272, 59 S. W. 1109; Austin Electric Co. v. Faust, 63 Tex. Civ. App. 91, 133 S. W. 449, 453, 454 (writ refused) and authorities there cited; Southwestern Telegraph & Telephone Co. v. Krause (Tex. Civ. App.) 92 S. W. 431, 433.

[7] Appellant insists that the damages

awarded by the jury are excessive. Appellee's injuries consisted of a broken arm, a dislocated hip, and painful bruises. Both bones of the left arm were broken near the wrist, and the hand doubled back against the arm, the bones protruding from the flesh and skin. He suffered intensely, and was taken to a hospital for treatment. He remained in bed a week, and was confined to the house for some time. The arm was not properly set, resulting in impaired flexibility and motion. The trial was more than two years after the injury, and his arm was still painful when required to support any considerable weight. He proved direct pecuniary loss in time and expense amounting approximately to the sum of $750. The jury assessed his damages at $3,500. We do not think said amount excessive.

We have examined all the propositions urged by appellant as ground for reversal, and, being of the opinion that they are without substantial merit, they are overruled. The judgment of the trial court is affirmed.