CARSON v. KNIGHT et al. (No. 917–4686.)

Commission of Appeals of Texas, Section A.
May 18, 1927.

1. Animals ⬭66½—Pedestrian injured by calf escaping must show failure to exercise ordinary care to prevent escape.

Pedestrian injured by calf, which escaped while being unloaded at stockyards, has burden to show that truckman, in effort to prevent its escape, did not use degree of care that ordinarily prudent person would have used.

2. Animals ⬭66½—Truckman held not negligent in attempting to "bulldog" calf escaping and injuring pedestrian.

Where calf broke loose while being unloaded at stockyards, act of truckman in attempting to "bulldog" calf, and in following it after it broke loose, held not negligent so as to make him liable for injury to pedestrian who was knocked down by calf in flight.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by S. J. Knight against Walter J. Carson and another. A judgment for plaintiff against the defendant named was affirmed by the Court of Civil Appeals (284 S. W. 617), and such defendant brings error. Reversed and rendered.

McCart, Curtis & McCart, of Fort Worth, for plaintiff in error.

Capps, Cantey, Hanger & Short and Marvin H. Brown, all of Fort Worth, for defendant in error.

BISHOP, J. In its opinion affirming the judgment of the district court, the Court of Civil Appeals states the case as follows:

"This suit was instituted by S. J. Knight, one of the appellees herein, against Walter J.

Carson, appellant herein, and the Fort Worth Packing Company, one of the appellees herein, to recover damages for personal injuries. Appellant was engaged in the transfer business, and, as such, delivered a truck load of calves to the packing company. Said calves were delivered from the truck to a chute at the stockyards of said .company. The company provided gates fastened at one end to the chute with hinges at the top and the bottom.· Said gates were intended to be tied at the other end to the sides of the truck, thus in effect extending the sides of the chute to the truck and permitting said calves to walk from the truck over a platform between said gates into the chute proper, and from there into the yards of the company. The company permitted the lower hinge on one of said gates to be and remain broken, which condition was known both to appellant and said company. At the time in question a large calf a year or over old, and weighing about 350 pounds, in the crowding of said calves in passing between said gates, was, by reason of said broken hinge and the giving way of the lower corner of said gate resulting therefrom, caused to fall from said platform to the 'ground. As soon as said calf reached the ground, one of appellant's employees seized it by the head or neck, and attempted to hold it or throw it to the ground, which process he described in his testimony as 'bulldogging.'' Either on account of lack of strength or lack of skill on the part of said employee, said calf escaped and ran madly up the street. Another employee pursued it on foot. It ran up a street occupied by railroad tracks. Cars were standing on each track, with a space about four feet wide between them. Appellee Knight was stooped over inspecting the running gear of a car, and just as he raised up, or immediately thereafter, said calf ran against him, knocked him down, and inflicted the injuries complained of. There was evidence tending to show that said calf was an ordinary well-conditioned calf, and also that it was wild and scary, that it became infuriated when appellant's employee attempted to 'bulldog' it, and that such treatment was calculated to produce that effect. There was also testimony tending to show that such a calf when so infuriated would attack a person, and that this particular calf was wild and mad when it was recaptured about a mile from the scene of the accident, and that it still exhibited evidence of such condition the next morning. Appellant's employee testified that in pursuing said calf he was some distance behind, and that he did not hallo at it, but that other people along the route taken by it before the accident did do so, and further frightened it.

"There was a trial by jury. Appellee abandoned any claim for damages against the packing company, and the court instructed the jury to return a verdict in its favor. On the issues of negligence and proximate cause, the jury found, in substance: (a) That the action of appellant's employee in seizing and handling said animal immediately after it escaped was negligence; and (b) that such negligence was the proximate cause of appellee's injuries; (c) that the action of appellant's employee in pursuing said animal was negligence; and (d) that such negligence was the proximate cause of appellee's injuries; (e) that there was no intervening cause or causes independent of the acts of appellant's employees 'in the premises causing or contributing to cause appellee's said injuries. No other or further submission of said issues was requested by either party. The court rendered judgment. in favor of appellee, and appellant presents said judgment for review." 284 S. W. 617.

[1, 2] While conceding that, as between his employees and plaintiff in error, it was their duty to prevent the escape of the calf, the Court of Civil Appeals held that it was also their duty not to employ means reasonably calculated to alarm and infuriate the calf so as to make it dangerous to members of the public using and occupying the streets. In their efforts to prevent its escape, the law only imposed upon them the duty to use that degree of care that an ordinarily prudent person would have used in employing means to effect their purpose. The burden was on Knight to show that such care was not used. The calf was loose on the street at the time the employee caught it. His purpose was to hold it. If he could have held it, possible injury to members of the public would have been prevented. If the calf was vicious and a menace to the public, and if the use of care on the part of the employee was required to prevent possible injury, he could not be held guilty of negligence so long as he made use of that degree of care that a reasonably prudent person would have used.

There is no evidence in the record tending to show that the bulldogging process used by the employee is not an effective method. Nor is there any evidence showing that the employee, in seizing or handling the animal, could have employed any means which would not have been calculated to alarm and infuriate it. His failure to hold the calf is not shown to have been caused by the selection of a method prudence would not dictate, but was caused by the fact that the calf had superior strength.

The uncontradicted evidence shows that, after the calf had freed itself from the employee, it ran some 800 yards to the place where it ran against Knight and injured him, and that it continued to run until it reached a pasture over a mile from the truck from which it escaped. At the time Knight was injured, the employee following the calf was about 100 yards from it. From the time the calf left the truck until it reached the pasture it seems to have devoted all its energies in an effort to develop speed. It attacked no one. The employee who followed it did not contemplate an immediate capture, but only followed it in the hope of keeping it in sight that he might recapture it after it had spent its strength in flight. There is no evidence in the record tending to show that either the attempt to hold the calf or the effort to follow it was negligence.

Defendant in error Knight in the trial court voluntarily abandoned his effort to recover by reason of any negligence on the part of

the employees in permitting the calf to. escape from the truck.

We therefore recommend that the judgment of both courts allowing recovery be reversed, and judgment here rendered that defendant in error take nothing by reason of his suit.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.