**FURR'S, INC., Appellant,**

v.

**Manuel HERNANDEZ, Appellee.**

**No. 6813.**

Court of Civil Appeals of Texas, El Paso.

March 14, 1979.

Rehearing Denied April 11, 1979.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Taffy D. Bagley, El Paso, for appellant.

Richard Yetter & Associates, P. C., Richard Yetter, El Paso, for appellee.

OPINION

PRESLAR, Chief Justice.

In this venue case, the Defendant/Appellant appeals the overruling of its plea of privilege to be sued in the county of its residence. We reverse and render judgment that the cause of action be transferred to Lubbock County, Texas.

This suit was brought to recover damages for a dog bite suffered by Appellee while he was standing in the check-out line of Appellant's grocery store. Appellee relied on Subdivisions 9a and 23 of Article 1995, Tex. Rev.Civ.Stat.Ann. We are of the opinion that Appellee has failed to meet his burden of proving negligence under Subdivision 9a and of proving a cause of action under Subdivision 23 in that his cause of action is based on negligence.

Appellant has points of error that there was no evidence and insufficient evidence to support the trial Court's presumed finding of negligence and proximate cause. We sustain the no evidence points. In this connection, we are unable to agree with

Appellee's assertion of the law that his burden was simply to prove a prima facie case. There are courts of civil appeals opinions to that effect. There are others to the contrary, but the controlling law comes from the Supreme Court of Texas and can be found in the cases of *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935), and *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953). In the latter case, the court reviewed and reiterated its holdings in the *Compton v. Elliott* case, and in answer to certified questions held that in a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits and that a prima facie case, as such, is not the test, but if there is no other evidence to the contrary, a prima facie showing would suffice. The court explained that review by a court of civil appeals was the same for venue as for trial on the merits and that rendition should occur where there is no evidence and remand where the evidence was factually insufficient. Thus, there is no prima facie rule controlling or applicable to venue hearings that makes such hearings different from a conventional trial on the merits. If the plaintiff prevails on a prima facie showing, it must be because there is no evidence to the contrary and not because of some prima facie evidence rule.

The evidence in this case is that Appellee was standing in line at the checkout counter of the Appellant's store when he saw a loose dog in the store, saw two employees, "bag boys," chasing the dog; the dog approached him from behind, ran between his legs and he moved suddenly, and when he moved the dog bit his hand. Appellee did not know how the dog got into the store or how long he had been there; he described him as a stray; and he said that the bag boys were chasing him to get him out of the store. He testified: "[T]he dog was scared because they were chasing him." And further: "When I moved, he got my hand, he was paranoid, the dog." And: "[T]he dog was scared because they were chasing him and I guess he had never gotten into the store before, . . . ."

From that evidence, we are unable to find negligence on the part of the owner of the premises toward his invitee. It cannot be said that the act of the employees in trying to remove the dog from the store was not that of a reasonable and prudent person. Did their method of removal, then, amount to negligence? Were they negligent, not acting as reasonable and prudent persons when they chased him to remove him from the store? Would a reasonably prudent person in seeking to remove a dog from the premises chase a dog and cause it to become scared and paranoid? An element of negligence, of course, is foreseeability. Could the sack boys foresee that chasing him would cause him to become scared and paranoid, and that the normal and probable consequence would be an injury similar to that inflicted on Appellee? We think it safe to assume that the boys could foresee that the dog would be scared by being chased, but paranoid is a different question. Webster's Third New International Dictionary, 1971, describes paranoid as one afflicted with paranoia or paranoid schizophrenia. The first choice definition given paranoia is: "[R]are, chronic nondeteriorative psychosis characterized chiefly by systematized delusions of persecution or of grandeur that are commonly isolated from the mainstream of consciousness and that are usu[ally] not associated with hallucinations." There is nothing in the record to indicate that these bag boys have any special training in psychology or otherwise which would equip them to foresee that all of this would happen if they chased the dog.

Aside from our own analysis of the facts regarding negligence, there are several cases which by analogy are persuasive here. On the question of whether it was negligence to chase the dog, analogous is the case of *Carson v. Knight*, 294 S.W. 539 (Tex.Com.App.1927). A calf escaped through a gate with a broken hinge. Attempts by one employee to "bulldog" the calf and its pursuit by another employee served only to infuriate the animal which then injured the plaintiff. The trial court's findings of negligence and proximate cause were reversed by the Commission of Ap-

322

peals. We reason by analogy that if it is not negligence to chase a calf to the point of its being infuriated and causes injury, then it is not negligence to chase the dog until it is scared and paranoid and causes injury. On the element of foreseeability, the case of *Texas & P. Ry. Co. v. Bigham*, 90 Tex. 223, 38 S.W. 162 (1896), is analogous. There, cattle were being held for shipment in a pen of the railway company which had a defective latch on the gate. While the plaintiff, owner of the cattle, was attempting to overcome the defective latch with a rope, the cattle were frightened by a passing train and charged through the gate injuring the plaintiff and a number of the cattle. In a suit for injuries to both himself and his cattle, the plaintiff recovered judgment. The judgment was allowed to stand for injuries to the cattle but was reversed as to injuries to the plaintiff. The court held that the defective latch was known to the defendant, that it was foreseeable that cattle would escape and could suffer injury, but it was not foreseeable that injury would occur to the plaintiff/owner. Following that case on foreseeability and proximate cause is *Union Stock Yards v. Peeler*, 37 S.W.2d 126 (Tex.Com.App.1931). An angry steer broke the gate and injured the plaintiff. No recovery was allowed because, said the court, proximate cause in its "legal sense" required the injury to be foreseeable. In our case, it might be foreseen that chasing a dog in a store would cause him to topple merchandise or run into people. It could not reasonably be foreseen that it would cause him to bite. Appellee's reliance on *Zuniga v. Storey*, 239 S.W.2d 125 (Tex.Civ.App.—San Antonio 1951, writ ref'd n. r. e.), is misplaced. That case involves a rodeo bull which was made mean by the owner for rodeo performances, was known to be mean by the owner, and whose owner was thus negligent in allowing it to escape confinement. That is a case of responsibility of the owner of a vicious animal. Our case is the responsibility of an owner for the condition of his premises. Judge Norvell specifically distinguishes the above cases of *Texas & P. Ry. Co. v. Bigham, Union Stock Yards v. Peeler*, and *Car-son v. Knight* in his opinion in *Zuniga v. Storey*. They had no application there, but they are applicable to our case by analogy, and *Zuniga v. Storey* is not.

The judgment of the trial Court is reversed and judgment here rendered that the cause be transferred to the proper court of Lubbock County, Texas.